IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

FRED PEREZ,                                                                                              PLAINTIFF

v.                                      Case No. 4:07-cv-4027

MICHAEL J. ASTRUE,[1] Commissioner
Social Security Administration                                                                DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Fred Perez, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for a period of disability and supplemental security income (SSI) benefits under the provisions of Title XVI of the Social Security Act (Act).  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  (Doc. No. 4).[2]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Procedural Background:**

Plaintiff protectively filed for supplemental security income (SSI) benefits on August 18, 2004, alleging disability due to degenerative disc disease, knee problems and foot pain since August 18, 2004.  (Tr. 46-49).  Plaintiff's applications were denied initially and on reconsideration.  (Tr.

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted as the defendant in this suit.

[2] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for this case are referenced by the designation "Tr."

29-34, 36-38). Pursuant to Plaintiff's request, an Administrative Law Judge (ALJ) held a hearing on May 24, 2006. Plaintiff, represented by attorney Greg Giles, appeared and testified at the hearing. (Tr. 231-247). On August 24, 2006, the ALJ issued an unfavorable decision. (Tr. 11-15). The ALJ's decision became the final decision of the Commissioner when the Appeals Council concluded that no basis existed for review of the ALJ's decision. (Tr. 3-5).

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2007); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines

"physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f) (2003). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

The Plaintiff appealed the decision of the Commissioner finding him not disabled. He claims the ALJ's findings are not supported by substantial evidence in the record because the ALJ improperly applied the factors of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984); the ALJ erred

by not conducting an analysis of Plaintiff's financial means to obtain medical treatment; the ALJ erred by not finding Plaintiff has an impairment, or a combination of impairments, equal to one listed in 20 C.F.R. §404.1501, *et seq.*, Appendix; and the ALJ erred by finding Plaintiff has the RFC for medium work. The Defendant argues the ALJ properly evaluated Plaintiff's subjective complaints in accordance with *Polaski*; the ALJ properly reviewed Plaintiff's finances as they relate to the ability to obtain medical treatment; Plaintiff's impairments did not match a Listing; and substantial evidence supports the ALJ's RFC finding.

### A. *Polaski* Analysis

The Plaintiff claims the ALJ erred in his determination that Plaintiff's subjective complaints of pain were not fully credibility. The Plaintiff asserts the ALJ failed to perform a proper *Polaski* evaluation. The Defendant argues there is substantial evidence in the record to support the ALJ's credibility determination.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[3] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be

---

[3] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

The ALJ's decision in the present action is not supported by substantial evidence. Specifically, the ALJ failed to analyze and to evaluate the Plaintiff's subjective complaints pursuant to *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984). *See Cline v. Sullivan,* 939 F.2d 560, 569 (8th Cir. 1991).

In the present action, the ALJ acknowledged the *Polaski* factors*,* however, there was no

5

review of or mention of several of the factors. Further, the factors which were discussed were done so with little or no analysis. In fact the entire consideration and analysis of *Polaski* is limited to one paragraph. (Tr. 13).

The ALJ makes reference to medications being taken by Plaintiff. (Tr. 13). At the time of hearing Plaintiff was only taking Ibuprofen. (Tr. 240). Although use of nonprescription medications is a relevant consideration when evaluating subjective complaints, that fact, by itself, is not substantial evidence to discount in total a claimants complaints of pain.

The ALJ mentioned consideration of Plaintiff's daily activities, but does not discuss the activities or indicate how these are inconsistent with Plaintiff's alleged level of pain. (Tr. 13). The ALJ also found Plaintiff's statements regarding pain, functional limitations and restrictions on activities were not entirely credible, but again fails to indicate how they are inconsistent with his alleged level of pain. (Tr. 13). It is not enough that inconsistencies exist, the ALJ must set forth the inconsistencies in the evidence and discuss them. *See Cline v. Sullivan,* 939 F.2d 560, 567 (8th Cir. 1991). The ALJ performed no further analysis regarding the five *Polaski* factors.

Because the ALJ did not properly examine the five *Polaski* factors, this case should be reversed and remanded for a full *Polaski* analysis. Upon remand, the ALJ may still find Plaintiff not disabled, however a proper and complete analysis of *Polaski* must be performed.

### B. Plaintiff's Lack of Financial Resources

Plaintiff argues the ALJ failed to consider Plaintiff's lack of financial resources as it related to Plaintiff's obtaining medical treatment. Economic justifications for the lack of treatment or compliance with treatment can be relevant to a disability determination. *See Tome v. Schweiker*, 724

F.2d 711 (8th Cir. 1984). This is certainly the case in matters where it is determined by the ALJ that Plaintiff has not sought medical treatment in an active manner. (Tr.13).

Plaintiff testified he is homeless and a resident of the Randy Sams Homeless Shelter in Texarkana, TX. (Tr. 241). Plaintiff testified he was unable to obtain medical treatment based upon his lack of medical insurance and finances. (Tr. 243). In the ALJ's decision, there is no mention or analysis of Plaintiff's finances as it relates to his ability to obtain medical treatment.

On remand, the ALJ should make findings on the effect of Plaintiff's finances as it relates to Plaintiff's treatment history. [4]

**4. Conclusion:**

The Court has reviewed all of the relevant medical records and briefing in this case. After a careful review of the entire record, the decision of the ALJ denying benefits to the Plaintiff is not supported by substantial evidence and should be reversed. This matter should be remanded to the Commissioner for further action consistent with this opinion.

ENTERED this **11th day of February, 2008.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[4] Because I find the ALJ did not properly apply *Polaski* and did not properly review Plaintiff's financial resources, the other issues raised by Plaintiff are not addressed herein.