IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


FRED PEREZ,                                                                                         PLAINTIFF

vs.                                        Civil No. 4:07-cv-4027

MICHAEL J. ASTRUE
Commissioner, Social Security Administration                                   DEFENDANT


**MEMORANDUM ORDER**

Pending now before this Court is the Plaintiff's Motion for Attorney's Fees under the Equal Access to Justice Act (EAJA). (Doc. No. 11).[1] The Defendant has responded to this application and has no objections. (Doc. No. 12). The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 4). Pursuant to this authority, the Court issues this Order. This matter is ready for decision.

**Background:**

On March 22, 2007, Fred Perez (Plaintiff) appealed the Secretary of the Social Security Administration's (SSA) denial of his request for supplemental security income (SSI). (Doc. No. 1). On February 11, 2008, this Court entered a Judgment reversing and remanding the Plaintiff's case to the SSA. (Doc. No. 10). After this remand, the Plaintiff filed the present motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (1998). (Doc. No. 11). This application was filed on February 13, 2008. The Plaintiff's attorney, Greg Giles, seeks approval of

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."

attorney's fees for professional services and costs in the amount of $2,287.50.

**<u>Applicable Law:</u>**

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a prevailing social security claimant unless the Secretary's position in denying benefits was substantially justified. The Secretary has the burden of proving that the denial of benefits was substantially justified. *See Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir. 1986) ("The Secretary bears the burden of proving that its position in the administrative and judicial proceedings below was substantially justified"). An EAJA application also must be made within thirty days of a final judgment in an action, *See* 28 U.S.C. § 2412(d)(1)(B), or within thirty days after the sixty-day time for appeal has expired. *See Shalala v. Schaefer,* 509 U.S. 292, 298 (1993).

An award of attorney's fees under the EAJA is appropriate even though, at the conclusion of the case, the Plaintiff's attorney may be authorized to charge and to collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002) (citing Pub. L. No. 99-80, 99 Stat. 186 (1985)). The United States Supreme Court stated that Congress harmonized an award of attorney's fees under the EAJA and under 42 U.S.C. § 406(b)(1) as follows:

> Fee awards may be made under both prescriptions [EAJA and 42 U.S.C. § 406(b)(1)], but the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee.". . . "Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits."

*Id.* Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is

2

to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *See id.*; *Cornella v. Schweiker,* 728 F.2d 978, 986 (8th Cir. 1984).

The statutory ceiling for an EAJA fee award is $125.00 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). A court is only authorized to exceed that statutory rate if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved justifies a higher fee." *Id.*

**Discussion:**

In the present action, the Plaintiff's case was remanded to the SSA. (Doc. No. 10). The Defendant does not contest the Plaintiff's claim that he is the prevailing party, does not oppose the Plaintiff's attorney's application for fees under the EAJA, does not object to the hourly rate requested, and does not dispute the number of hours expended by counsel. (Doc. No. 12). This Court construes this lack of opposition to the Plaintiff attorney's application in the present action as an admission that the government's decision to deny benefits was not "substantially justified" and that the Plaintiff was the prevailing party.

The Plaintiff's attorney requests an award under the EAJA at the rate of $125.00 per hour for the 18.30 hours which he asserts were devoted to the representation of the Plaintiff in this Court. (Doc. No. 11). I note that an award based upon this hourly rate, reflecting an increase in the cost of living as set by Congress, will result in consistent hourly fee awards in cases in Arkansas. *See Johnson v. Sullivan,* 919 F.2d 503, 505 (8th Cir.1990). Thus, based upon the above factors, I find that an appropriate hourly rate for the award of attorney's fees in this case is $125.00 per hour. Further, I have reviewed counsel's itemization of time appended to his

motion. (Doc. 11). The Court notes that the Defendant has not objected to the number of hours for which counsel seeks a fee award. This Court finds the time asserted to be spent in representation of the Plaintiff before the district court is reasonable. Thus, the Court finds that Plaintiff's counsel is entitled to compensation under the EAJA in the amount of $2,287.50, which is a total of 18.30 hours at a rate of $125.00 per hour.

**Conclusion:**

Based upon the forgoing, the Court awards the Plaintiff's attorney $2,287.50 in attorney's fees pursuant to the EAJA, 28 U.S.C. § 2412. This total represents a fee of $125.00 per hour for 18.30 hours of work.

**ENTERED** this **21st day of February, 2008.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE